IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD J. ALSTEEN, JR.,

                Plaintiff,

   v.

                                                   OPINION and ORDER

U.S.A., DISTRICT COURT,
WESTERN DISTRICT OF WISCONSIN,                  22-cv-595-wmc[1]
D.O.J. WESTERN DISTRICT,
and MARATHON COUNTY COURTS,

                Defendants.

---

      Pro se plaintiff Richard J. Alsteen, Jr. contends that his civil rights were violated during state and federal criminal proceedings against him in 2005 and 2006. He seeks leave to proceed in forma pauperis. The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, I will dismiss this case.

ALLEGATIONS OF FACT

      In 2005 and 2006, Alsteen faced criminal charges in state and federal court. Alsteen says that in his federal case, a Department of Justice agent tampered with evidence, documents,

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

and witnesses and that he was defamed and suffered "discrimination of organization." Dkt. 1 at 2. Meanwhile, the federal prosecutor went "beyond federal sentencing guidelines" and "changed . . . the grounds for sentencing," emphasizing Alsteen's membership in the Outlaws Motorcycle Club and statements given by a certain individual. Alsteen says that in his state case, he suffered "harassment, excessive bail, defamation of name" at the hands of the state prosecutor, as well as "bias[ed] decisions." *Id.* Alsteen was falsely imprisoned and endured "mental and physical anguish." *Id.* at 5.

## ANALYSIS

Alsteen contends that defendants violated his rights under the Fourth through the Eighth Amendment and the Fourteenth Amendment. He asks that the United States of America "review the indictments of all the members of the Outlaws Motor Club for the same mistakes." *Id.* at 5. But the court cannot order that relief in this civil lawsuit, and this court would not allow Alsteen to proceed pro se on behalf of a class of people. *See Saldana v. Leyendecker*, No. 16-cv-1577-jps, 2017 WL 706304, at *3 (E.D. Wis. Feb. 22, 2017) (noting that "courts have repeatedly declined to allow pro se prisoners to represent a class.").

Alsteen also asks for monetary damages, but he cannot proceed because there are two fundamental problems with the complaint that require its dismissal. First, Alsteen may not pursue damages for his claims that a federal agent tampered with evidence and witness testimony and that the courts were biased against him resulting in his false imprisonment. Before he can pursue damages for claims that call into question the validity of his convictions, he must show that his convictions have "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called

2

into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). This rule applies even if it is too late to seek habeas relief now. *Savory v. Cannon*, 947 F.3d 409, 420 (7th Cir. 2020). Alsteen's convictions still stand, so any challenge to the validity of those proceedings does not support a constitutional claim.

Second, Alsteen has named improper defendants. Section 1983 permits liability against "[e]very person" acting under color of state law who violates another person's federally protected rights. 42 U.S.C. § 1983. State circuit courts are not suable under that statute. *McCormack v. Wright*, No. 12-cv-483-bbc, 2012 WL 5247278, at *2 (W.D. Wis. Oct. 23, 2012) (a circuit court is part of the county government it serves, it is not a separate suable entity). The federal court is not suable either. Neither are the United States nor federal agencies or agents when acting under federal law. *See District of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973) (the "actions of the Federal Government and its officers are at least facially exempt from" § 1983); *Hindes v. Federal Deposit Ins. Corp.*, 137 F.3d 148, 159 (3d Cir. 1998) (holding that a federal agency is not a "person" within the meaning of § 1983).

Rather, Alsteen's allegations suggest misconduct on the part of the prosecutors and judges involved in his cases. But Alsteen cannot sue prosecutors for how they presented their cases or judges for decisions that went against him because prosecutors and judges are immune from suit. A judge is entitled to absolute immunity for their judicial decisions, even if "the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 354 (1978). Prosecutors are shielded from liability "for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause." *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017); *Bromund v. Holt*, 24

Wis. 2d 336, 341, 129 N.W.2d 149, 152 (1964) ("A public prosecutor acting in his official capacity is absolutely privileged to initiate or continue criminal proceedings.").

I will dismiss this case without prejudice. Were Alsteen to identify a proper defendant, he may be able to pursue relief under § 1983, if he is first able to obtain termination or expungement of his convictions.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994).

2. The clerk of court is directed to close this case and send plaintiff a copy of this order.

Entered March 9, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge